GEF/hh
10/4/18

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

IN RE:     CASE NO. 18-15798

Victory Solutions, LLC     JUDGE JESSICA E PRICE SMITH

Debtor     Chapter 11

## DEBTOR'S JOINT DISCLOSURE STATEMENT AND PLAN

I. INTRODUCTION

VICTORY SOLUTIONS, LLC, Debtor-In-Possession ("DEBTOR"), hereby submits this JOINT DISCLOSURE STATEMENT AND PLAN in order to disclose information deemed by it to be material, important and necessary for its creditors to arrive at an informed decision in exercising their rights to vote for acceptance or rejection of the Plan of Reorganization ("PLAN") presently on file with the Bankruptcy Court.

NO REPRESENTATIONS CONCERNING THE DEBTOR, PARTICULARLY AS TO ITS BUSINESS OPERATION, VALUE OF ITS PROPERTY OR ANY PROMISES TO BE MADE UNDER THE PLAN ARE AUTHORIZED BY THE DEBTOR OTHER THAN AS SET FORTH IN THIS JOINT DISCLOSURE STATEMENT AND PLAN. ANY REPRESENTATIONS OR INDUCEMENTS MADE TO SECURE A CREDITOR'S ACCEPTANCE WHICH ARE OTHER THAN AS CONTAINED IN THIS JOINT DISCLOSURE STATEMENT AND PLAN SHOULD NOT BE RELIED UPON BY ANY CREDITOR IN ARRIVING AT A DECISION, AND ANY SUCH ADDITIONAL REPRESENTATIONS OR INDUCEMENTS SHOULD BE REPORTED TO COUNSEL FOR THE DEBTOR, WHO SHALL IN TURN DELIVER SUCH INFORMATION TO THE BANKRUPTCY COURT FOR SUCH ACTION AS MAY BE DEEMED APPROPRIATE.

The document you are reading is both the Debtor's Plan of Reorganization ("Plan") and the Debtor's Disclosure Statement ("Disclosure Statement"). The Debtor has proposed the Plan to treat the claims of the Debtor's creditors, secured, priority and unsecured creditors. The Disclosure Statement describes the assumptions that underlie the Plan and how the Plan will be executed.

The Bankruptcy Court in this Chapter 11 case (the "Court") is being asked to approve the form of this document as an adequate Disclosure Statement, containing enough information to enable parties affected by the Plan to make an informed judgment about the Plan. The Court has not yet confirmed the Plan, which means the terms of the Plan are not now binding on anyone.

A hearing date and time to determine whether the Court will confirm the Plan will be scheduled at a later date, with all interested parties receiving notice of the same, assuming the Court has approved the Disclosure Statement, in accordance with 11 U.S.C. Section 1125.

## II. PURPOSE OF THIS JOINT DISCLOSURE STATEMENT AND PLAN

The Bankruptcy Code ("CODE") requires that before the Plan may be confirmed by the Bankruptcy Court, it must be submitted to creditors and equity holders of the Debtor whose claims or interests are impaired under the terms of the Plan in order to provide them with an opportunity to vote on whether to accept or reject the Plan. Any solicitations of acceptances or rejections of the Plan must be proceeded or accompanied by disclosure materials approved by the Bankruptcy Court as containing "adequate information". "Adequate Information" is described by the Code as information of a kind and in sufficient detail to enable solicited creditors and the equity holders to make informed judgments about the Plan and the acceptance or rejection thereof.

The Disclosure Statement portion of this document, when it has been approved by the Bankruptcy Court, is the only authorized statement with respect to the Plan. The Bankruptcy Court's approval does not constitute a recommendation as to the merits of the Plan. No other representations concerning the Debtor, its operations or the value of its property has been authorized and none should be relied upon in arriving at your decision.

## III. DEFINITIONS

The following terms, when used in the Plan, shall have the respective meanings set forth below:

1. ADMINISTRATIVE CLAIM:

Any allowed Claim and expense accruing after the date the Chapter 11 case commenced which is entitled to priority pursuant to Sections 503(b) and 507(a)(1) of the Bankruptcy Code.

2. ALLOWED CLAIM OR INTEREST:

Any claim or interest against the Debtor, including a secured claim, an administrative claim, a priority claim, or an unsecured claim, proof of which is filed on or before the last date fixed by the Bankruptcy Court for filing proofs of claim or such other date as may have been designated by the Bankruptcy Court, or which has been or hereafter is scheduled by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a claim as to which no objection to the allowance thereof has been or shall be interposed within the applicable period of limitation therefor, or as to which an objection has been determined by a Final Order allowing such claim.

3. BANKRUPTCY CODE:

The Bankruptcy Reform Act of 1978, 11 U.S.C. Section 101, et seq., as the same has heretofore been and hereafter may be amended to the extent that such amendment may be applied to the Debtor's Chapter 11 case.

4. BANKRUPTCY COURT:

The United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, having jurisdiction over the Debtor's Chapter 11 case.

5. CLAIMS BAR DATE:

The last date for filing a proof of claim. Any claims bar date shall be established by the Court.

6. THE COMMITTEE:

The Committee of General Unsecured Creditors as created in the within Bankruptcy Matter. No Committee has been appointed in this case

7. CONFIRMATION DATE:

The date the Bankruptcy Court enters an Order confirming the Plan.

8. DEBTOR:

VICTORY SOLUTIONS, LLC, an Ohio Corporation.

9. EFFECTIVE DATE:

Thirty (30) days following the date on which the Order of the Bankruptcy Court confirming the Plan shall have been filed.

10. EMPLOYEE BENEFIT PRIORITY CLAIM:

There are no Employee Benefit Plans to be affected by this Plan.

11. FINAL ORDER:

An order of the Bankruptcy Court which shall not have been reversed, stayed, modified or amended and (i) the time to appeal from or seek review, certiorari, or rehearing of shall have expired, (ii) no appeal, review, certiorari or rehearing is pending, and (iii) the order has become conclusive of all matters adjudicated therefor and is in full force and effect.

12. INTERESTS:

The rights of holders of issued and outstanding shares of common stock or other equity security of the Debtor.

13. PLAN:

This Plan of Reorganization, either in its present form or as it may be altered, amended or modified from time to time.

14. PLAN FUNDS:

Funds Debtor generates from the sale of its assets which are placed in a special account to be issued solely for distribution to creditors and which shall be in an amount sufficient to satisfy the distributions required under the Plan.

15. PRE-PETITION SECURED CLAIM:

The pre-petition secured claim of the Internal Revenue Service shall be paid, at least in part. The lien claim of Real Good Technologies, being subordinate to the claim of the IRS, attaches to no equity; therefore the claim of Real Good Technologies will not be paid as a secured claim and will be treated as unsecured.

16. PRIORITY CLAIM:

Any allowed claim which, pursuant to Section 507 of the Bankruptcy Code, is entitled to payment in full before any payment of other claims with less priority or non-priority claims.

17. TAX CLAIM:

Any allowed claim of a governmental unit entitled to priority pursuant to Section 507(a)(7) of the Bankruptcy Code.

IV. PLAN OF REORGANIZATION

   1. ALLOWANCE OF CLAIMS AND INTERESTS

The Plan provides that distribution is to be made only to those creditors holding "Allowed Claims" in the various classes. In general, there are two means by which claims become Allowed Claims entitled to distribution under the Plan. First, the Debtor has previously filed with the Bankruptcy Court schedules setting forth all claims against it as reflected in its financial books and records. Unless the schedules have designated a particular claim as contingent, unliquidated or disputed or the schedules have been amended to so designate, the scheduled claims are deemed allowed unless objection thereto is interposed by the Debtor or any other interested party. If an objection is made, the validity, amount and priority of the claim will be determined by the Bankruptcy Court following a hearing.

The second method by which a claim may become an Allowed Claim is through filing of a proof of claim. Any party may file a proof of claim up to and including the date(s) the Bankruptcy Court may hereafter fix as the last day for filing proofs of claims. The filing of a proof of claim is required in order to assert any claim not reflected in the Debtor's schedules or any claim shown on the schedules as contingent, unliquidated or disputed. Such filing is also required by any party seeking to assert an amount larger than the amount scheduled by the Debtor or asserting a classification different from that shown in the schedules. Upon filing, a proof of claim supersedes the information contained in the schedules. As with the scheduled claims, a claim asserted by means of a proof of claim will become an Allowed Claim unless an objection is made thereto. Upon objection, the validity, amount, and priority of the claim will be determined by the Bankruptcy Court

   2. CLASSIFICATION OF CLAIMS AND INTERESTS

For the purpose of the Plan, Claims and Interests are designated as follows:

   CLASS ONE:
   PRE-PETITION SECURED CLAIMS

   CLASS TWO:
   ADMINISTRATIVE CLAIMS

   CLASS THREE:
   PRIORITY TAX CLAIMS

   CLASS FOUR:
   GENERAL UNSECURED CLAIMS, EXCEPT CLAIMS OF "INSIDERS", AS DEFINED IN SEC. 101 OF THE BANKRUPTCY CODE:

CLASS FIVE:
ALL CLAIMS AND INTERESTS OF THE OWNERS OF ALL ISSUED AND OUTSTANDING INTERESTS OF VICTORY SOLUTIONS, LLC.

ANY HOLDER OF A CLAIM WHO FAILS TO FILE AN OBJECTION, IN WRITING, TO THE CLASSIFICATION PROVIDED IN THIS PLAN WITH THE BANKRUPTCY COURT, WITH A COPY THEREOF SERVED UPON THE DEBTOR'S COUNSEL, AT LEAST TEN (10) DAYS PRIOR TO THE HEARING ON THE CONFIRMATION OF THE PLAN SHALL BE DEEMED TO HAVE ACCEPTED SUCH CLASSIFICATION AND SHALL BE BOUND THEREBY.

3. TREATMENT OF CLAIMS AND INTERESTS

The Class One claim of the Internal Revenue Service is likely impaired. The Class One claim will be paid from the proceeds of the sale of Debtor's assets. Debtor anticipates the Class One claim of the IRS to be $400,000.00. Debtor anticipates an execution lien claim on behalf of Real Good Technologies; but because that claim is subordinate to the claim of the Internal Revenue Service, it will not be paid and Real Good Technologies' claim will be treated as unsecured.

The Class Two Administrative Claims are not impaired. Allowed Class Two Claims should be paid in the ordinary course of business, when due, except with respect to claims for professional fees which shall be paid pursuant to an Order of the Bankruptcy Court. In any event, all holders of Class Two Claims shall be paid as soon as practicable in full, in cash, exclusive of interest, or shall be paid upon such terms as may be agreed between the Debtor and the respective creditor entitled to such payment. Class Two Claims are anticipated not to be in excess of $20,000.00

Class Three Priority Claims are impaired, and shall be paid with any funds available after secured and administrative claims are filed, in accordance with the Bankruptcy Code. Debtor anticipates Class Three Priority Claims not to exceed $300,000.00.

Prepayment, without penalty, may be made by the Debtor at any time in whole or in part. Partial prepayments shall apply against installments due in the order of maturity.

Each holder of a Class Three Claim shall not retain its lien on Debtor's assets because Debtor's assets are being sold free and clear of liens.

The Class Four General Unsecured Claims are impaired. Debtor seeks a "carve out" of $20,000.00 to provide payment to unsecured claimants pro rata.

No Class Five Claims shall be paid.

4. EXECUTORY CONTRACTS

All executory contracts of the Debtor are rejected.

5. EXECUTION AND IMPLEMENTATION OF THE PLAN

Debtor intends, on or about January 2, 2019 to begin marketing the Corporation for sale. Debtor has not yet determined whether or not to hire a business broker.

The Debtor proposes that the Order confirming the Plan set forth that VICTORY SOLUTIONS, LLC. be appointed to act as the Debtor's disbursing agent. As the disbursing agent, VICTORY SOLUTIONS, LLC. shall open the Distribution Account. Monies deposited into this special account shall be used only for distributions required under the Plan.

Debtor intends to pay claims in the following order: 1. Administrative Claims; 2. The secured claim of the Internal Revenue Service to the extent possible with available funds; 3. Priority claims, if funds are available, until all but $20,000.00 are exhausted; 4. $20,000.00 to Class 4 Claims pro rata.

Pursuant to Section 1111(a) of the Bankruptcy Code, a proof of claim or interest is deemed filed under Section 501 of the Bankruptcy Code if it has been scheduled by the Debtor except a claim or interest that is scheduled as disputed, contingent or unliquidated. The Debtor reserves the right to object to any claim or to seek reconsideration of the allowance of any claim whether such claim has been filed or is deemed filed pursuant to Section 1111(a) of the Code. The filing of any such objections will require the claim holder to submit proof satisfactory to the Bankruptcy Court as to the amount of its claim. The Debtor, through its counsel, shall have sixty (60) days from the Confirmation Date to initiate the objections of the merits of any claim. Any claim which has been filed or scheduled as undisputed, non-contingent and unliquidated, which if not objected to within such sixty (60) day period, or as may be extended by an Order of the Bankruptcy Court, shall be deemed allowed as filed, or if not filed, as scheduled.

Confirmation of the Plan shall discharge the Debtor from any and all claims, obligations, liabilities, objections and demands of whatever character, accruing prior to the Confirmation Date, whether provable, liquidated, unliquidated, fixed or contingent.

6. RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction to hear and decide:
(1) objections to claims;
(2) avoidance actions under Sections 522, 544, 545, 548 and 549;
(3) turnover actions under Section 542 and 543;
(4) revocation of an order of confirmation under Section 1144;
(5) dismissal under Section 112;

(6) modification of the Plan under Section 1127(b);
(7) enforcement of the permanent injunction under Section 524(a); and
(8) any other matter subject to this Court's jurisdiction pursuant to applicable law.

7. MODIFICATION OF THE PLAN

The Debtor may propose amendments or modifications of this Plan at any time prior to or subsequent to the Confirmation Date hereof, in the manner set forth in Section 1127 of the Bankruptcy Code; provided, however, that notice thereof be given to all members of any Class or Classes affected thereby. The Debtor may, at any time, with approval of the Bankruptcy Court, and so long as it does not materially or adversely affect the rights of creditors or holders of interests, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and effects of this Plan.

8. VOTING

As a creditor, your vote is important. The Plan divides creditors and equity holders of the Debtor into six classes and provides for separate treatment of each class.

Class One Claims may be impaired and will be paid as funds allow. Class Two (Administrative Claims) are not impaired, Class Three (Tax Priority Claims) are impaired, Class Four (General Unsecured Claims) are impaired and will not be paid and Class Five (Shareholder Claims and Interests) are impaired and will not be paid.

V. HISTORY OF THE COMPANY

Debtor's business was commenced under the Laws of the State of Ohio on May 8, 2006. The original statutory agent was Daniel Cord. On July 27, 2012 Shannon Burns became the statutory agent of the company. Shannon Burns owns 50.2% of the membership interests of the LLC. Over the life of the company there have been many member disputes. Because of the lack of profitability of the company such disputes are not surprising. Lack of profitability in this 2018 midterm election cycle led to the decision to sell the company. Debtor is in the business of election consulting and lease of election related items including phones and software.

The primary business of the Debtor is the business of election consulting and lease of election related items including phones and software. Debtor filed one prior Chapter 11 Case, to-wit: Case No. 18-10977, which was not successful.

VI. ASSETS AND LIABILITIES

Debtor's assets and liabilities are set forth in Debtor's Petition and Schedules.

## VII. TAX CONSEQUENCES

The Plan, as proposed, provides for partial payment to some of Debtor's creditors. Debtor anticipates there will be no adverse tax consequences.

Under Section 108 of the Internal Revenue Code, the Debtor must reduce the specific tax attributes in the order set forth in the statute. These attributes and the order in which they are reduced are as follows:

1. Net operating losses for the year of the discharge and net operating loss carries over to such year;
2. Any carry over to or from the year of discharge relative to general business credits.

## VIII. CONFIRMATION OF THE PLAN

### A. Conditions to Confirmation Under the Bankruptcy Code

The provisions of the Code require the Debtor to propose the Plan in good faith and disclose adequate information concerning the Debtor's business. In the opinion of the Debtor, these conditions have been met, and the Debtor will seek a ruling from the Bankruptcy Court to that effect at the hearing on this Disclosure Statement.

In order for the Bankruptcy Court to determine that the Plan of Reorganization as submitted herein is feasible and in the best interest of creditors, a hearing on the confirmation will have to be held. The Debtor will present evidence as may be required at said hearing to satisfy the conditions of Section 1129 of the Code dealing with the confirmation of the Plan. Creditors will have an opportunity to participate in the confirmation hearing and, if appropriate, voice any objection to the confirmation of the Plan.

The Code also imposes requirements of acceptance of the Plan by creditors and shareholders, a minimum value of distributions and a determination that confirmation of the Plan will not be followed by the need for further financial reorganization or liquidation other than in the format proposed by this Plan. To confirm the Plan, the Bankruptcy Court must also find that all of these conditions are met.

### B. Minimum Value

Before it may confirm the Plan, the Bankruptcy Court must determine (with certain exceptions) that the Plan provides to each member of each class a recovery that has a value that is at least equal to the distribution which such member would receive if the Debtor were liquidated on the Effective Date under Chapter 7 of the Code. Such determination is referred to as the "best interest" test, because it is intended as a test of whether the proposed reorganization is truly in the best interest of creditors as has been made clear in the Disclosure Statement and Plan.

The Debtor believes that the information contained within the Disclosure Statement demonstrates that the Plan provides for payments to holders of Allowed Claims in an amount in excess of that which holders could reasonably expect to recover under a Chapter 7 liquidation.

### C. Acceptance

The Code requires as a condition to confirmation that each class of claims or interest that is impaired under the Plan accepts the Plan. The Code defines acceptance of the Plan by a class of claims as acceptance by the holders of two-thirds (2/3) in dollar amount and a majority in number of claims of that class, but for that purpose counts only those who actually vote to accept or reject the Plan. Holders of claims who fail to vote are not counted as either accepting or rejecting the Plan.

Classes of claims that are not impaired under the Plan are deemed to have accepted the Plan. Thus, the Debtor is soliciting acceptances of the Plan from members of Classes Four, Five and Six which are impaired classes. A class is "impaired" if the legal, equitable or contractual rights attaching to the claims in that class are modified, other than by curing defaults and reinstating maturities or by payment in full in cash.

### D. Confirmation Over the Objection of Impaired Classes

The Code contains provisions for confirmation of a Plan even if it is not accepted by all impaired classes. These "cram down" provisions for Confirmation of a Plan despite the non-acceptance of one or more impaired classes would require the Debtor to satisfy the standard set forth below:

If a class of unsecured claims rejects the Plan, the Plan could nevertheless be confirmed, but only if the Debtor demonstrated that the property to be distributed under the Plan would be distributed so that (I) the non-accepting impaired class received full payment of its allowed claims, or (ii) if the class is to receive less than full payment, no class junior to the non-accepting class may receive distributions under the Plan.

If the Plan does not meet either requirement, the Debtor would have to determine whether the Plan should be amended to meet the requirements for such confirmation. An amendment to the Plan would result in a delay in the distribution of any recovery to the holders of allowed claims. It is anticipated that the "cram down" provisions will not be required to confirm the Plan.

Creditors should note that pursuant to Section 1129 (a) 10 if a class of claims is impaired under the plan, at least one impaired class must except the plan, and such class will be determined without reference to the acceptance of the Plan by any insider.

## IX. POSSIBLE ACTIONS

The Debtor has no possible actions to pursue.

## X. PRIORITY TAX CLAIMS OF THE INTERNAL REVENUE SERVICE.

Nothing in said Plan shall be deemed to modify the assessment dates of the various assessments of the Internal Revenue Service; and

Nothing in said Plan shall require the Internal Revenue Service to apply payments in any particular way nor to forego any remedies it may have against any individuals; and

The discharge granted by 11 U.S.C., Section 1141(d) is modified as to the tax debt provided for in this Plan, and the discharge of any tax debt under this Plan shall not be effective until all taxes provided for under this Plan have been paid in full; and

## XI. INSIDER AND AVOIDANCE ACTIONS.

Debtor believes that there are no insider or avoidance actions to pursue.

## XII. DEFAULT REMEDIES.

In the event of default hereunder, all creditors shall be revested with all collection rights and remedies they shall have possessed pre-petition.

With respect to creditor, Internal Revenue Service,

(a) If Debtor or its successor in interest fails to make any deposits of any currently accruing employment tax liability, fails to make any payment of any tax to the Internal Revenue Service within ten (10) days of the due date of such deposit or payment, or if the Debtor or its successor in interest fails to file any required federal tax return by the due date of such return, then the United States may declare that the Debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or Debtor is in default;

(b) If the United States declares the Debtor or the successor in interest to be in default of the Debtor's obligation under the Plan, then the entire imposed liability, together with any unpaid current liabilities, shall become due and payable immediately upon written demand to the Debtor or the successor in interest; and

(c) If full payment is not made within fourteen (14) days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code.

11

## XIII. CONCLUSION

The alternative to the Confirmation of the proposed Plan would be a liquidation of the Debtor's assets through Chapter 7 proceedings. It is the position of the Debtor and its counsel that a conversion of the within case to a Chapter 7 case would only result in additional costs and delays as a new set of functionaries (the Trustee, counsel for Trustee, accountant for Trustee) would likely take a considerable amount of time to familiarize themselves with the background of this case

As the proposed Plan would result in a greater and more expeditious distribution to all creditors than would occur in the event of a conversion, the Debtor recommends the acceptance of the Plan.

VICTORY SOLUTIONS, LLC.

By: /s/Shannon Burns
Shannon Burns

Date: December 4, 2018