# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Case No. 18-15798 |
| VICTORY SOLUTIONS LLC, | Chapter 11 |
| Debtor. | Judge Price Smith |

### OBJECTION OF REAL GOOD TECHNOLOGIES, LLC TO APPROVAL OF DISCLOSURE STATEMENT AND PLAN

Real Good Technologies, LLC ("Real Good"), a secured judgment creditor of the Debtor, objects to approval of the Debtor's proposed disclosure statement and Chapter 11 plan[1] and respectfully states:

1. The Debtor's disclosure statement lacks "adequate information" within the meaning of Section 1125(b) of the Bankruptcy Code.[2] Principally, the disclosure

---

[1] It is not clear whether the Debtor expects to take up only approval of its proposed disclosure statement or confirmation of its proposed Chapter 11 plan. Its disclosure statement suggests only the former. *See* Doc. 32 at *2 ("A hearing date and time to determine whether the Court will confirm the Plan will be scheduled at a later date, with all interested parties receiving notice of the same, assuming the Court has approved the Disclosure Statement, in accordance with 11 U.S.C. Section 1125."). The notice [Doc. 33], however, contemplates the filing of objections to approval of the plan. As a result, Real Good interposes its objections to both in this document, noting that the Court may withhold approval of a disclosure statement relating to a unconfirmable plan. *See, e.g., In re Criimi Mae, Inc.*, 251 B.R. 796, 799 (Bankr. D. Md. 2000); *In re Maine St. AC, Inc.*, 234 B.R. 771, 775 (Bankr. N.D. Cal. 1999); *In re Market Square Inn, Inc.*, 163 B.R. 64 (Bankr. W.D. Pa. 1994); *In re Century Investment Fund, VII, L.P.*, 114 B.R. 1003, 1005 (Bankr. E.D. Wis. 1990); *In re Atlanta West VI*, 91 B.R. 620, 622 (Bankr. N.D. Ga. 1988).

[2] *See* 11 U.S. Code § 1125(a)(1) (defining "adequate information" as "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the

1

statement fails to provide information as to each of the following:

    a.    Any description of the Debtor's assets proposed to be sold;

    b.    The fair saleable value of the Debtor;

    c.    The prospects for or timing of a sale of the Debtor;

    d.    The consequences of the Debtor's failure to consummate a sale;

    e.    The amount of funds available for distribution or projected recoveries of creditors under the Debtor's proposed plan;

    f.    The Debtor's compliance with the disclosure requirements of Section 1129(a)(5) of the Bankruptcy Code, including, without limitation, as to the post-confirmation Debtor and the disbursing agent under the plan;

    g.    The Debtor's ability to pay administrative and priority claims in accordance with Section 1129(a)(9) of the Bankruptcy Code;

    h.    The liquidation value of the Debtor's assets as necessary to demonstrate compliance with Section 1129(a)(7) of the Bankruptcy Code;

    i.    The Debtor's ability to consummate its proposed Chapter 11

---

plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information."

2

plan; and

j. The feasibility of the Debtor's plan within the meaning of Section 1129(a)(11) of the Bankruptcy Code.

As a result of the inadequacy of the Debtor's proposed disclosure statement, the Debtor's creditors lack adequate information to enable them to make an informed judgment about the Debtor's proposed Chapter 11 plan.

2. The Debtor's proposed Chapter 11 plan fails to comply with Section 1129 of the Bankruptcy Code and cannot be confirmed, for the following principal reasons:

a. The Debtor's plan appears to contemplate the payment of administrative claims ahead of and out of the proceeds of the collateral of its secured creditors[3] in contravention of Section 1129(b)(2)(A)(ii) of the Bankruptcy Code;

b. The plan fails to provide for distributions to Real Good on account of its secured claim, even while purporting to provide for distributions to priority and nonpriority unsecured creditors;[4]

c. The plan does not comply with the applicable provisions of the Bankruptcy Code, including, without limitation, Sections 1122(a) (in failing to properly classify Real Good's secured claim)

---

[3] *See* Doc. 32 at 7 ("Debtor intends to pay claims in the following order: 1. Administrative Claims, 2. The secured claim of the Internal Revenue Service to the extent possible with available funds; 3. Priority claims, if funds are available, until all but $20,000.00 are exhausted; 4. $20,000.00 to Class 4 Claims pro rata.")
[4] *Id.*

3

and 1125(a) of the Bankruptcy Code;

d. The Debtor has failed to adduce any evidence that any creditors or classes of creditors have voted to accept the Debtor's plan in accordance with Sections 1129(a)(8) and (10) of the Bankruptcy Code;[5]

e. The treatment of priority claims fails to accord with the requirements of Chapter 11 and in particular Section 1129(a)(9) of the Bankruptcy Code;

f. The plan fails to comply with Section 1129(b) as to Real Good's secured claim; and

g. The plan purports, upon confirmation, to afford the Debtor a discharge,[6] in violation of Section 1141(d)(3) of the Bankruptcy Code.

3. Real Good requests that the Court convene a hearing(s) to consider approval of the Debtor's proposed disclosure statement and confirmation of the Debtor's proposed Chapter 11 plan.

4. Real Good reserves the right to supplement its objections to approval of the disclosure statement and confirmation of the Plan at any time through the hearing to consider the same.

---

[5] The Debtor does not appear to have provided a ballot upon which creditors may vote to accept the plan. For the record, Real Good would have voted, and hereby does vote, to reject the plan.
[6] *See* Doc. 32 at 7

WHEREFORE, Real Good Technologies, LLC respectfully requests that the Court enter an order denying approval of the Debtor's proposed disclosure statement and denying confirmation of the Debtor's proposed Chapter 11 plan and granting it such other and further relief as is just.

Dated: December 31, 2018

*/s/ Lydia Floyd*
Lydia Floyd
PEIFFER WOLF CARR & KANE
1422 Euclid Avenue, Suite 1610
Cleveland, OH 44115
T (216) 589-9280
F (888) 411-0038
lfloyd@prwlegal.com

-and-

Michael M. Murphy
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
mmurphy@baileyglasser.com

*Attorneys for Real Good Technologies, LLC*